IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01620-MSK-CBS

JOHN KILMAN,
    Plaintiff,
v.

CROSSMARK, INC., and
CHI MANAGEMENT GROUP, L.P.,
    Defendants.

---

ORDER

---

Magistrate Judge Craig B. Shaffer

This civil action came before the court for a Rule 16(b) Scheduling Conference on February 4, 2009, during which the court addressed: (1) Mr. Kilman's "Ex Parte Motion to Correct Docket Dates" (filed December 4, 2008) (doc. # 17); and (2) David Dean's "Motion for Opt. In Litigant" (filed January 6, 2009) (doc. # 22). Pursuant to the Order of Reference dated November 3, 2009 (doc. # 10) and the memoranda dated December 8, 2008 (doc. # 18) and January 7, 2009 (doc. # 23), these matters were referred to the Magistrate Judge.

First, on the record on February 4, 2009, Mr. Kilman voluntarily withdrew his "Ex Parte Motion to Correct Docket Dates."

Second, Mr. Dean "wish[es] to join John Kilman as an opt. in litigant in his class action lawsuit . . . ." Mr. Kilman's Amended Complaint alleges violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (*See* doc. # 5). Section 216(b) of the FLSA "provides for a class action where the complaining employees are 'similarly situated.'" *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001). "Unlike class actions under Rule 23, '[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.'" *Id.* "Of course, this is not a true Rule 23 class

1

action." *Thiessen*, 267 F.3d at 1102 n. 3 (internal quotation marks and citation omitted). "Many courts and commentators, however, have used the vernacular of the Rule 23 class action for simplification and ease of understanding when discussing representative cases brought pursuant to § 16(b) of the FLSA." *Id.*

A plaintiff is entitled to bring his own claims to federal court without counsel, but not the claims of others. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (citing 7A Wright, Miller & Kane, Federal Practice and Procedure § 1769.1 & n. 12 (2d ed. 1986) (citing cases for rule that "class representatives cannot appear pro se")). A *pro se* litigant may not bring the claims of others because "the competence of a layman is clearly too limited to allow him to risk the rights of others." *See id.* (internal quotation marks and citation omitted). *See also* Title 28 U.S.C. § 1654 (federal law allows two types of representation in court: that by an attorney admitted to the practice of law by the applicable regulatory body, and that by a person representing himself).

The court having reviewed the motions, the entire case file, and the applicable law and being sufficiently advised in the premises, IT IS ORDERED that:

1. Mr. Kilman's "Ex Parte Motion to Correct Docket Dates" (filed December 4, 2008) (doc. # 17) is voluntarily WITHDRAWN.

2. David Dean's "Motion for Opt. In Litigant" (filed January 6, 2009) (doc. # 22) is DENIED.

DATED at Denver, Colorado, this 9th day of February, 2009.

BY THE COURT:

   s/ Craig B. Shaffer   
United States Magistrate Judge